[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
The defendants, Lisa Marci and CIGNA Property Casualty Insurance Company, have moved to strike counts one, three, four and five of the revised complaint, and the second and fourth prayers for relief. The remaining defendants, McEllis Glass 
Bridgeport Orthopedic Group, P.C., filed a motion to strike the same prayers for relief and counts one and two of the revised complaint. The claims in both motions will be considered together since they are similar.
The plaintiff, Peter Ballard, has brought this action for personal injuries and economic loss based upon two alleged violations of section 31-294 of the General Statutes. In the fourth count of the revised complaint, he also claims that the defendants, Marci and CIGNA, engaged in an unfair insurance practice in violation of sections 38-60 and 38-61 of the General Statutes since they violated section 31-294. The fifth count also claims a violation of sections 38-60 and 38-61 on the ground that the same defendants failed to properly compute CT Page 10016 a cost of living allowance in violation of section 31-307a of the General Statutes. In the first count, it is alleged that the defendant, Glass, in the course of his employment with Bridgeport Orthopedic Group, P.C. (Bridgeport) performed an independent medical examination (IME) on the named plaintiff on February 8, 1988 at the request of the defendants, Marci and CIGNA, and that they were negligent by failing to provide a copy of Glass' medical report to Peter Ballard as required by section 31-294. The second count claims that Glass refused to provide the plaintiff with a copy of the IME report after Ballard requested it, and this is claimed to violate section42-110b et seq. of the General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA).
A motion to strike admits all facts pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings; the allegations in the complaint are entitled to the same favorable construction a trier would be required to give in admitting evidence under it, and if the facts provable under its allegations support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 109. The complaint alleges that Marci was an employee of CIGNA and that Glass was an employee of Bridgeport Orthopedic Group. On February 8, 1988, Glass performed an IME on Ballard at the request of Marci and CIGNA. None of the defendants provided Ballard with a copy of the IME. Glass told the plaintiff on February 8, 1988 that he does not give a copy of the IME report to patients, but only to the insurance company, and that Ballard would have to get it from CIGNA. CIGNA had directed Glass and his employer to only provide the report to CIGNA. While the first four counts of the complaint are based on different legal theories and statutes, they all rely on these same underlying facts.
The plaintiffs in all counts are Peter Ballard, his wife, Barbara Ballard, and their two children, Michelle and Joshua. The defendants have filed a motion to strike all five counts of the complaint on the ground that they do not state a cause of action as to the plaintiffs, Michelle Ballard and Joshua Ballard, because there was no right to bring an action for loss of parental consortium. The complaint does not contain any other allegations establishing a direct cause of action by them against any of the defendants. There is no loss of consortium under Connecticut law for a minor child resulting from injuries to a parent. Taylor v. Keefe, 134 Conn. 156, 158; Mahoney v. CT Page 10017 Lensink, 17 Conn. App. 130, 141, reversed in part on other grounds, 213 Conn. 548; Hinde v. Butler, 35 Conn. Sup. 292,296.
The first four counts of the complaint are based upon the defendants' failure to comply with section 31-294 of the General Statutes. The portion of subsection (c) of the statute relied upon by the plaintiffs provides: "All medical reports concerning any injury of an employee sustained in the course of his employment shall be furnished within thirty days after the completion of such reports, at the same time and in the same manner, to the employer and the employee or his attorney." This provision must be viewed in the context of the rest of section 31-294(c), and the other workers' compensation statutes, including section 31-305. [Both sections 31-294(c) and 31-305 were repealed by section 40 of Public Act 91-32, but a substantially similar provision for furnishing medical reports to the employer and employee is contained in section 14.] Subsection (c) requires the employer, after receiving notice of injury to an employee, to provide medical care and attention to the employee and to pay the costs of reasonable medical, surgical, hospital or nursing services. If the employer does not promptly provide such services, the employee can select a physician or surgeon from an approved list of the workers' compensation commissioner, and if the employee fails to accept the medical and other services provided by the employer, all rights to receive compensation under the workers' compensation statutes are suspended while an employee refuses treatment. The statute also provides that "[s]uch employees shall submit to all physical examinations as required by this chapter."
The amount paid to the employee for compensation includes the cost of medical and surgical care and attention in addition to an award for temporary and permanent disability. In order to ascertain the medical care required and the reasonable cost of it, the employer is entitled to require medical examinations of the employee. Section 31-305 contains a similar requirement for medical examinations while an employee is claiming or receiving compensation. That statute provides in part as follows:
 "At any time while claiming or receiving compensation, upon the reasonable request of the employer or at the direction of the commissioner, CT Page 10018 an injured employee shall submit himself to examination by a reputable practicing physician or surgeon, with a view to a determination of the nature of the injury and the incapacity resultant therefrom. Such physician or surgeon shall be selected by the employer from an approved list of physicians and surgeons prepared by the commissioners and shall be paid by the employer . . . . Any medical reports resulting from such examination shall be furnished within thirty days after the completion of such reports, at the same time and in the same manner, to the employer and the employee or his attorney. The refusal of an injured employee thus to submit himself to a reasonable examination shall suspend his right to compensation during such refusal."
A prior version of section 31-294(c) was considered in Delgaizo v. Veeder-Root, Inc., 133 Conn. 664, 667. The only material difference between the statute then and now is that the current version of the statute requires medical reports to be furnished within 30 days after their completion. In Delgaizo, the court stated that the primary purpose of the statute is to see to it that the injured employee has prompt and adequate medical and surgical care. Id., 667. The provision that a copy of the medical report shall be furnished to the employee or his attorney is to enable them to decide whether to hire their own doctor to review the findings and conclusions of the doctor examining for the employer so that another opinion can be given, if necessary, to the compensation commissioner. Id., 667, 668. The court also stated that the report "should be furnished within a reasonable time after the request. If existing supplementary documents or plates are reasonably necessary to show the basis of the prognosis and to give a doctor to whom the patient might go sufficient information to determine the employee's condition, these should be furnished. Primarily, these are matters for the determination of the commissioner and it is only when he has abused this discretion that his order can be interfered with. See Basney v. Sachs, 132 Conn. 207, 209 . . . ." Id., 668, 669. The "reasonable time" requirement has now been codified as thirty days after the examination. There is no penalty provision for failure to furnish the report within that period, and the context of the statute does not suggest that time is of the essence. The purpose of both sections 31-294(c) and 31-305
CT Page 10019 is to give the employee and his attorney sufficient information adequately represent the employee in the workers compensation proceedings before the commissioner, and not to prevent further injury to the employee.
Where an employee is injured during the course of his employment, the Workers' Compensation Act is the exclusive remedy for a recovery against the employer for job related injuries. Sharp v. Mitchell, 209 Conn. 59, 66; Jett v. Dunlap,179 Conn. 215, 217; section 31-284(a) of the Connecticut General Statutes. The workers' compensation statutes compromises an employee's right to a common law tort action for work related injuries in return for a relatively quick and certain compensation without regard to fault. Mingachos v. CBS, Inc., supra, 97. Where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and any recovery in common law tort against the employer is barred. Sharp v. Mitchell, supra, 67. The insurance company providing workers' compensation coverage to an employer stands in the same position as the employer, and its obligation is to make payments as required by the worker's compensation statutes. The defendant, Glass, examined the plaintiff for CIGNA, and there was no patient-physician relationship between Ballard and Glass. While it is difficult to see how any failure of the defendants to furnish the report is the proximate cause of any injury sustained by the plaintiff, Peter Ballard, it is not necessary to go that far. The plaintiff has not identified any case which holds that failure to furnish the medical reports to the employee or his attorney within the thirty day period in the statutes, or even the failure to furnish them at any time, gives the employee a cause of action against the employer, the employer's insurance carrier or the examining doctor, on negligence or any other theory.
Sections 31-294(c) and 31-305 are only designed to assist an employee in evaluating his claim for purposes of pursuing the workers' compensation remedy. Nothing precludes the employee from obtaining his own medical examination with or without the employer's report. Where, as here, the medical examination was done for the employer for purpose of workers' compensation benefits, the employee is limited to the remedies of the workers' compensation statutes. As noted by the defendants, the commissioner has several remedies where the employer fails to perform its duties under those statutes. See sections 31-288(a) and 31-300 of the General Statutes. CT Page 10020
The court also agrees with the defendants' claims that the plaintiffs failed to exhaust available administrative remedies. Where a statutory right to appeal from an administrative decision exists, an aggrieved party may not by-pass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test. LaCroix v. Board of Education, 199 Conn. 70, 78 and cases cited therein. Where a statutory remedy exists for a dispute between an employer and an employee, that remedy must be followed. Sampietro v. Board of Fire Commissioners, 200 Conn. 38, 43. The workers' compensation Commissioner has jurisdiction to make appropriate orders to require an employer to comply with the workers' compensation statutes, including an order for the furnishing of medical reports. Delgaizo v. Veeder-Root, Inc., supra, 669; Basney v. Sachs, supra, 209. The commissioner could also impose suitable sanctions, and any decision is then subject to judicial review following the procedures in the workers' compensation statutes.
Those statutes do not apply directly to Glass and Bridgeport Orthopedic, and a violation of sections 31-294(c) and 31-305 does not create a cause of action for the plaintiffs against those defendants. As previously noted, the purpose of the statutes was to expedite reports so the plaintiff-employee could evaluate whether to have additional medical evidence for the workers' compensation hearings.
With both the first and second counts, the plaintiffs attempt to create a cause of action under CUTPA for the negligence of the defendants in failing to furnish the medical reports as required by statute. There are two problems with the plaintiffs' claim that the negligence of the defendants can constitute a CUTPA violation. First of all, the Supreme Court has held that negligence is not an unfair or deceptive trade practice within the meaning of section 42-110(b) of the General Statutes. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,215. Secondly, claims arising out of an employer-employee relationship are not covered by CUTPA. Quimby v. Kimberly Clark Corporations 28 Conn. App. 660, 670; Manning v. Zuckerman, 388 Mass. 8, 13, 444 N.E.2d 1262 (1983) (construing a similar Massachusetts statute); Banerjee v. Robert,641 F. Sup. 1093 (D.Conn. 1986). While the defendants are not the employer of Peter Ballard, CIGNA was the insurer of his employer and the medical examination by Glass arises out of the CT Page 10021 employer-employee relationship. The complaint alleges that Marci was the agent and employee of CIGNA and that Glass examined Ballard for CIGNA.
The allegations of the third count are not materially different from the first two counts, and fail for the same reasons. It is unnecessary to consider the additional claim that one isolated unfair practice is not actionable under CUTPA.
The motion to strike against the fourth count of the complaint is based on the ground that a single unfair insurance practice in violation of sections 38-60 and 38-61 does not allow an action for damages under the Connecticut Unfair Insurance Practices Act (CUIPA). The defendants rely upon Mead v. Burns, 199 Conn. 651, 659 which holds that claims of unfair settlement practices under CUIPA requires a showing of more than a single act of insurance misconduct. However, paragraph 13 of the fourth count alleges that the defendants, Marci and CIGNA, have engaged in a pattern of practice of advising IME physicians not to provide copies of IME reports to persons examined by them. The court cannot enlarge the motion to strike beyond its terms or decide factual issues on a motion to strike even though the plaintiffs may be only to prove a single act of insurance misconduct.
The defendants, CIGNA and Marci, have moved to strike the fifth count of the complaint on two grounds: (1) the exclusive remedy provisions of section 31-284(a) of the General Statutes; and (2) a pattern of practice of failing to timely compute and pay cost of living allowances to the plaintiff and others, even if it violates section 31-307a of the General Statutes, is not a violation of CUIPA.
Section 31-307a requires cost of living adjustments in a weekly compensation rate of employees entitled to receive benefits under conditions designated in the statute. The defendants rely upon section 31-315 which provides for continuing jurisdiction of the workers' compensation commissioner over claims for compensation, awards and agreements, and on section 31-300 which gives the workers' compensation commissioner the authority to award interest and reasonable attorney's fees if there are undue delays in adjustments, of compensation. These statutes support an argument that the Workers' Compensation Act is the exclusive CT Page 10022 to determine the amount of the cost of living allowance. However, that does not mean that failure to pay cost of living adjustments, which CIGNA is required to pay as the insurer of the employer, would not be an unfair insurance practice. In Griswold v. Union Labor Life, Ins. Co., 186 Conn. 507, 520-21, it was held that a litigant can bring a private right of action for monetary damages for alleged unfair trade practices as defined by section 38-61 without first exhausting the administrative remedies under section 38-62. As with the fourth count, whether an unfair insurance practice existed here cannot be determined on a motion to strike.
The defendants also challenge the second and fourth claims for relief in the revised complaint. The second prayer for relief is for punitive damages in accordance with section 42-110(g)(a) of the General Statutes. The fourth prayer for relief is for declaratory and injunctive relief for access to the IME reports based on section 42-110(g)(d) of the General Statutes. A motion to strike can be used to challenge the legal sufficiency of any prayer for a relief in a complaint. Section 152 (2) Connecticut Practice Book. Since there is no basis for a CUTPA claim here, the plaintiffs are not entitled to the relief in paragraphs 2 and 4.
The defendants have also moved to strike the five counts of the complaint as to all derivative claims. Even where a valid loss of consortium claim exists for a spouse of an injured person, it is a derivative action from the insured spouse's cause of action. Izzo v. Colonial Penn Ins. Co.,203 Conn. 305, 312. Since Peter Ballard cannot recover against the defendant under counts one, two, and three, his wife cannot recover for loss of consortium under those counts.
The motion to strike is granted as to counts one, two, and three, and the second and fourth prayer for relief. The motion to strike is denied as to the fourth and fifth counts.
Robert A. Fuller, Judge CT Page 10023